# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:21-CR-30096-RAL** |
| **Plaintiff,** | |
| **vs.** | **OPINION AND ORDER DENYING MOTION TO STRIKE OFFICER'S TESTIMONY** |
| **ALUN JAMES GUERUE,** | |
| **Defendant.** | |

Alun James Guerue orally moved to strike the suppression hearing testimony of Officer Gerald Dillon, relating to Dillon's observations of S.O.'s furtive movements in a car, because Dillon and the police department failed to preserve a dash camera recording of the events prompting Guerue's vehicle stop and arrest on February 26, 2021.[1]  Guerue maintains that the destruction of the recoding, or the failure to preserve it, violated the Due Process Clause.[2]  The Court disagrees.

---

[1] Mot Hr'g Tr. 15, 31 (Oct. 3, 2022).

[2] *Id.*

First off, it is not at all clear whether Dillon ever made a dash camera recording. He thought the camera was on and recording but he did not know for sure.[3]  He also did not know if the camera's SD card was ever downloaded and, if it was, who did so.[4] Without definitive proof that a recording was made but not preserved, Guerue cannot show he was deprived of constitutionally protected access to evidence "whose exculpatory value is 'apparent.'"[5]

But even if a recording did—at one time—exist, that it was not kept, and that the recording had some apparent exculpatory value, Guerue has still failed to carry his burden of proving that police acted in bad faith.[6]  He did not present evidence that showed anything more than mere negligence.[7]  Dillon did not intentionally destroy the

---

[3] *Id.* at 9-10.

[4] *Id.* at 11-13.

[5] *Arizona v. Youngblood*, 488 U.S. 51, 56 n. * (1988); *see also United States v. Seys*, 27 F.4th 606, 610-11 (8th Cir. 2022) (missing surveillance video was only potentially useful and defendant needed to show investigator acted in bad faith to prevail on his due process claim); *United States v. Paris*, 954 F.3d 1069, 1074-75 (8th Cir. 2010) (court unpersuaded that destroyed evidence would have been exculpatory).

[6] *Youngblood*, 488 U.S. at 58; *United States v. Webster* 625 F.3d 439, 447 (8th Cir. 2020); *compare Illinois v. Fisher*, 540 U.S. 544, 548-49 (2004) (per curiam) (applying *Youngblood's* requirement even where discovery request pending because evidence was, at best, "potentially useful"); *with Jimerson v. Payne*, 957 F.3d 916, 931 (8th Cir. 2020) ("the uncontroverted evidence establish[ed] bad faith" and "a meritorious *Youngblood* violation").

[7] *Youngblood,* 488 U.S. at 58; *see also Seys*, 27 F.4th at 610-11 (agents' actions "fell far short" of bad faith; no evidence investigator "intentionally destroyed files, consciously suppressed exculpatory evidence, or otherwise tried to circumvent disclosure requirements"); *United States v. Olivares*, 843 F.3d 752, 759 (8th Cir. 2016) (no evidence the

recording.[8]   And the recording may have been lost while transitioning to two new recording systems or as a result of a malfunction in Dillon's hard drive.[9]  Although it may have been preferable for Dillon or someone else at the police department to store any recordings made of the February 26 incident in a safe place, Guerue has not demonstrated that the failure to retain the recording was done in bad faith and infringed on his due process rights.[10]

For all these reasons, and based on the record now before the Court, it is

ORDERED that Guerue's oral motion to strike Dillon's "furtive movement" testimony, from the September 8, 2022 evidentiary hearing, is DENIED.

DATED this 24th day of October, 2022.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

government acted in bad faith when it failed to preserve evidence); *United States v. Houston*, 548 F.3d 1151, 1155 (8th Cir. 2008) (at best, defendant's arguments show negligence on part of officers, and negligence does not amount to bad faith).

[8] Mot. Hr'g Tr. 10.

[9] *Id.* at 11, 26.

[10] *Houston*, 548 F.3d at 1155.

3